UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Christopher Allen Todd, #Y306870, | ) | C/A No.: 0:07-cv-3990-GRA-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| South Carolina Department of | ) | |
| Corrections; Warden Gregory Knowlin; | ) | |
| Officer Corporal Jones; and Officer | ) | |
| Toller, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § (b)(1)(B) and Local Rule 73.02(b)(2)(d), D.S.C., issued on December 17, 2007. Christopher Todd (Plaintiff) originally brought this suit under 42 U.S.C. § 1983, on December 12, 2007, complaining that the defendants violated his Eighth Amendment rights when they physically abused him while he was incarcerated. Pursuant to 28 U.S.C. § § 1915 &1915A, the magistrate performed an initial review of this *pro se* complaint and recommends that this Court summarily dismiss the South Carolina Department of Corrections (SCDC) without prejudice and without issuance and service of process. The plaintiff objected to this recommendation on December 20, 2007. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation.

### Standard of Review

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

### Objections

The plaintiff objects to the magistrate's summary dismissal of SCDC because:

> the South Carolina Department of Corrections is the coorperation that employe's Warden Gregory Knowlin, Officer Cpl. Jones, and Officer Toller. Therefore, the South Carolina Department of Corrections has a responsability as a employer to make sure their (SCDC) employee's do their jobs.

*Pl's Objs.* at 1. He also argues that applying Eleventh Amendment immunity to SCDC is unfair because it protects the state, but fails to protect him. *Id.* Both objections rely on the plaintiff's contention that SCDC should not be dismissed because they are liable for the actions of their employees under a theory of respondeat superior or vicarious liability. However, respondeat superior or vicarious liability is not applicable in claims pursuant to 42 U.S.C. § 1983. *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977); *Garrett v. Angelone*, 230 F.3d 1352, 2000WL 1275318 *1 (4th Cir. Sep. 8, 2000) (unpublished). Therefore, the plaintiff's objections are without merit.

### **Conclusion**

After a thorough review of the Report and Recommendation, the record, and the plaintiff's objections, this Court finds that the Report and Recommendation applies sound legal principles to the facts of this case. Therefore, this Court adopts it in its entirety.

IT IS THEREFORE SO ORDERED THAT the South Carolina Department of Corrections be dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

[signature block on the next page]

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

February 7, 2008
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.