UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Christopher Allen Todd, #306870, | ) | C/A No.: 9:07-3990-GRA-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | (Written Opinion) |
| | ) | |
| Warden Gregory Knowlin, | ) | |
| Officer Corporal Jones, and | ) | |
| Officer Toller, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on October 16, 2008. Plaintiff originally filed a complaint pursuant to 42 U.S.C. § 1983. On March 6, 2008, the defendants filed a motion to dismiss. The magistrate, on March 10, 2008, issued a *Roseboro* order explaining the process for summary judgement, and granting the plaintiff 34days to respond.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The

recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). The plaintiff objections to the magistrate's Report and Recommendation arguing that he had adequate notification of the danger posed to him.

The plaintiff argues that his conversation with Cpl. Toller constituted sufficient notice of eminent danger. During this conversation the plaintiff alleges that he told Cpl. Toller that he needed to speak with him, and that it was important. Moreover, the plaintiff alleges that during this conversation, the bruises and marks he had received from the beating were visible to Cpl. Toller such that he should have been aware of the danger facing the plaintiff.

A prison official's deliberate indifference to a risk posed to an inmate at the hand of another inmate violates the Eight Amendment of the United States Constitution. *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 1974 (1994).

In order to bring an Eighth Amendment claim, an inmate must demonstrate two things–a serious injury and a culpable state of mind on the part of prison officials. *Id.* at 834, 144 S.Ct. 1974.  In order for an official have a sufficiently culpable state of mind the official he must, " both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837, 114 S.Ct. at 1979.  Thus, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 837, 114 S. Ct. at 1979.

In this instance, it is not alleged that any of the defendants recognized the danger posed to the plaintiff.  As the magistrate points out, at no point in the plaintiff's conversation with Cpl. Toller did he explain that he had been attacked or was concerned that he was in further danger of being attacked.  Instead, the plaintiff alleges that he showed Cpl. Toller the bruises and requested that he come back to talk to him, which Cpl. Toller failed to do.  This limited interaction between the Plaintiff and Cpl. Toller is insufficient to establish that Cpl. Toller actually drew the inference that a substantial risk of harm existed to the plaintiff.  Accordingly, the plaintiff's claims must be dismissed.

## Conclusion

Based on the foregoing, it is ORDERED that the Defendants' motions for summary judgment be **granted**, and that this case be **dismissed**.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

October 31, 2008

**NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**